CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**,<br><br>   Plaintiff,<br><br>v.<br><br>**Judith Jay Lopina,** in individual and representative capacity as trustee of The Judith Lopina Separate Property Trust UAD 5/12/2016 F/B/O Judith Jay Lopina;<br>**Nowhere Bar & Grill, Inc.,** a California Corporation<br><br>   Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Scott Johnson complains of Judith Jay Lopina, in individual and representative capacity as trustee of The Judith Lopina Separate Property Trust UAD 5/12/2016 F/B/O Judith Jay Lopina; Nowhere Bar & Grill, Inc., a California Corporation; and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

1

Complaint

2. Defendant Judith Jay Lopina, in individual and representative capacity as trustee of The Judith Lopina Separate Property Trust UAD 5/12/2016 F/B/O Judith Jay Lopina, owned the real property located at or about 2035 Woodard Rd., San Jose, California, in March 2020.

3. Defendant Judith Jay Lopina, in individual and representative capacity as trustee of The Judith Lopina Separate Property Trust UAD 5/12/2016 F/B/O Judith Jay Lopina, owns the real property located at or about 2035 Woodard Rd., San Jose, California, currently.

4. Defendant Nowhere Bar & Grill, Inc. owned Nowhere Bar & Grill located at or about 2035 Woodard Rd., San Jose, California, in March 2020.

5. Defendant Nowhere Bar & Grill, Inc. owns Nowhere Bar & Grill located at or about 2035 Woodard Rd., San Jose, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the

same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to Nowhere Bar & Grill on March 4, 2020 with the intention to avail himself of its goods motivated in part to determine if the defendants comply with the disability access laws.

11. Nowhere Bar & Grill is a facility selling food and drink that is open to the public, a place of public accommodation, and a business establishment.

12. Nowhere Bar & Grill provides dining surfaces, including tables and bar counters, to its customers.

13. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide any wheelchair accessible dining surfaces.

14. All the tables and counters provided at the Nowhere Bar and Grill are too high, measuring in excess of 34 inches above finished floor. This violates ADA Standards.

15. Plaintiff believes that there are other features of the dining surfaces at the Nowhere Bar and Grill that fail to comply with the ADA Standards, such as required floor, knee and toe clearances.

16. On information and belief, the inaccessible condition of the dining surfaces at the Nowhere Bar and Grill have not changed since the plaintiff's March 2020 visit. Defendants currently fail to provide wheelchair accessible dining surfaces.

17. The barriers to the dining surfaces relate to and impact the plaintiff's disability. Plaintiff personally observed and encountered these barriers.

18. Even though the plaintiff did not personally encounter the defendants' public restrooms, those facilities are also inaccessible to the plaintiff as a wheelchair user and would impact him as a wheelchair user. Among other things: (1) the toilet stall is too small to accommodate wheelchair users and fails to provide required floor and turning clearances; (2) no grab bars are provided; (3) the faucet controls are knob style and require tight grasping, pinching, or twisting of the wrist; and (4) there is insufficient knee clearance at the sink (which is cabinet style).

19. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

21. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

22. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

23. Plaintiff will return to Nowhere Bar & Grill to avail himself of its goods and to determine compliance with the disability access laws once it is represented to him that Nowhere Bar & Grill and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and

Complaint

discriminatory barriers again.

24. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

25. In addition to failing to remove the above-described physical barriers to access at the Nowhere Bar and Grill, defendants have utilized, and continue to utilize discriminatory policies that ban people who use service animals.

26. Plaintiff was subjected to defendants' discriminatory service dog policy during his March 4, 2020 visit to the Nowhere Bar and Grill, as described herein.

27. Plaintiff is an individual who uses a service animal. Plaintiff has used his current service animal for over four years.

28. Plaintiff's service animal has been individually trained to do work and perform tasks for him, related to his disability, included but not limited to retrieving items he has dropped, assisting with balance, occasionally assisting with elevator buttons, light switches and opening doors.

29. Plaintiff's service animal was trained and provided by Canine Companions for Independence, an organization that has provided service dogs to people with disabilities since 1975.

30. At all times relevant herein, plaintiff's service animal was a Labrador Retriever of calm temperament.

31. At all times relevant herein, plaintiff's service animal was current with

Complaint

its vaccinations.

32. At all times relevant herein, plaintiff's service animal was licensed with Sacramento County animal control.

33. At all times relevant herein, plaintiff's service animal was licensed as an assistance dog by Sacramento County.

34. At all times relevant herein, plaintiff's service dog was wearing an assistance dog tag.

35. At all times relevant herein, plaintiff's service dog was wearing a Canine Companions for Independence service pack.

36. At all times relevant herein, plaintiff's service dog was on a leash and under plaintiff's control.

37. On March 4, 2020, after plaintiff entered the Nowhere Bar and Grill, he was approached by an older, white female bartender. This bartender told plaintiff that no dogs are allowed in the facility.

38. Plaintiff explained to the bartender that his dog was a service dog.

39. The bartender left to seek out the manager of the Nowhere Bar and Grill.

40. The manager, an older white male, approached plaintiff. Plaintiff explained that his dog was a service dog trained by Canine Companionship for Independence to assist him with his disability.

41. The manager asked plaintiff what tasks the dog performs. Plaintiff responded that the dog retrieves items he drops and assists him with balance.

42. The manager then asked plaintiff for a "service dog letter," insisting that such a letter is "required by law."

43. Plaintiff explained to the manager that a service dog letter is not legally required and pointed out his dog's service pack and identification card from Canine Companions for Independence, as well as the dog's California assistance dog tag.

44. The manager would not accept that plaintiff's dog was a service dog and

Complaint

would not allow plaintiff or his service dog to stay and enjoy the goods and services of the Nowhere Bar and Grill. Plaintiff was forced to leave the establishment.

45. At no time described herein did plaintiff's service dog pose a direct threat to anyone at the Nowhere Bar and Grill.

46. At no time described herein did plaintiff's service dog constitute an undue burden on defendants.

47. At no time described herein did plaintiff's service dog result in a fundamental alteration of the nature of defendants goods or services.

48. Plaintiff has been prevented and deterred from visiting the Nowhere Bar and Grill since March 4, 2020 due to defendants policy of excluding service dogs.

49. Plaintiff plans to return to the Nowhere Bar and Grill in the future with his service dog but until defendants' discriminatory policies are modified, plaintiff will continue to be denied full and equal access to the Nowhere Bar and Grill and will suffer ongoing discrimination by being excluded and deterred from going there.

50. The nature of defendants' discrimination, as alleged herein, constitutes an ongoing violation and violation that is capable of repetition, and unless enjoined by this Court, will result in ongoing and irreparable injury to plaintiff and other similarly situated persons.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

51. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

52. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

53. Plaintiff is, and at all times relevant herein was, a person with a disability as that term is defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

54. Plaintiff's dog is a "service animal" as that term is defined under the ADA. 28 C.F.R. § 36.104.

55. The "private entities" who are considered "public accommodations" for purposes of this title include restaurants, bars and other establishments serving food or drink. 42 U.S.C. § 12181(7)(B).

56. The Nowhere Bar and Grill is an establishment serving food or drink and is therefore a place of "public accommodation" under Title III of the ADA.

57. Defendants own, operate and/or lease the Nowhere Bar and Grill.

58. In acting as herein alleged defendants have discriminated against plaintiff on the basis of his disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, *inter alia*:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff the goods, services, facilities, privileges, advantages, accommodations, and/or opportunities offered at Nowhere Bar and Grill, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a).

    b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii), 28 C.F.R. § 36.202(b).

Complaint

c. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

d. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

e. Failing to maintain in operable working condition those features of facilities that are required to be readily accessible to and usable by people with disabilities. 28 C.F.R. § 36.211(a).

f. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.302(a);

g. Failing to modify policies, practices, or procedures to permit the use of a service animal by Plaintiff. 28 C.F.R. § 36.302(c)(1);

h. Failing to permit Plaintiff to be accompanied by his service animal in all areas of the Nowhere Bar and Grill where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. §

Complaint

        36.302(c)(7); and

    i. Assuming arguendo that the exclusion of Plaintiff's service animal was proper, failing to give Plaintiff the opportunity to obtain the goods, services, and accommodations of the Nowhere Bar and Grill without having the service animal on the premises. 28 C.F.R. § 36.302(c)(3).

59. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

60. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

61. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

62. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

63. Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

64. Plaintiff's dog is a "service dog" as that term is defined under California Law. 28 C.F.R. § 54.1 (b)(6)(C)(iii).

65. The Nowhere Bar and Grill is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

66. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

67. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

68. Although the plaintiff encountered frustration and difficulty by facing the discriminatory barriers and policies described herein, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest physical personal injury greater than the amount of the statutory damages.

69. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, removal of barriers, adoption of non-discrimination policies that include policies on service animals; training of public-facing employees, and compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: November 26, 2020        CENTER FOR DISABILITY ACCESS

By: _____

Amanda Seabock, Esq.
Attorney for plaintiff

Complaint